UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTWAUN V. LEE,

      Plaintiff,

v.                                                    Case No. 3:26-cv-1059-MMH-PDB

DELTA DORM OFFICERS, FLORIDA
DEPARTMENT OF CORRECTIONS,

      Defendants.

_____

## **ORDER**

Plaintiff Antwaun V. Lee, an inmate of the Florida Department of Corrections (FDC), initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).[1] In his Complaint, Lee asserts that officers working the 4-12 p.m. shift on Delta Dorm at Florida State Prison denied him regular showers between November 2025, and January 2026, when he was housed on close management status. See Complaint at 5. During that time, Lee received some showers, but not the three weekly showers required by the Florida

---

[1] Lee submitted three complaint forms (Docs. 1, 1-1, 1-2), which the Clerk docketed in one action. It is unclear whether Lee intended to mail all three versions of his Complaint. Two of them contain extensive hand-written deletions (i.e., cross-outs), suggesting Lee drafted the Complaint multiple times and intended to file only one. Although the three Complaints are not identical, Lee complains of the same thing in each. As such, when summarizing Lee's allegations, the Court will cite the version of the Complaint the Clerk docketed as Doc. 1.

Administrative Code (FAC), and some weeks, he went without a shower at all. Id. Although unclear, Lee implies that because of the lack of regular showers, he developed skin rashes and sores, or his preexisting skin issues were exacerbated. Id. at 5–6, 8, 13. However, he acknowledges that he received medical treatment for his skin problems. See id. at 6. As relief, Lee seeks compensation for his injuries. Id. at 13.[2]

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A

---

[2] Lee further asserts that an officer pushed him into his cell after a shower one day and left him handcuffed for three hours because Lee "refused to be unhandcuffed." See Complaint at 6. It is unclear whether he provides this information as background, or whether he intends to pursue a claim for excessive force. Insofar as it is the latter, Lee does not identify the officer by name, and his allegations do not permit the reasonable inference that the officer used force "maliciously and sadistically for the very purpose of causing harm." See Whitley v. Albers, 475 U.S. 312, 320–21 (1986); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). Lee also complains vaguely about "mail procedures," but it appears he does so only to explain why he did not exhaust his administrative remedies before initiating this action. See Complaint at 10.

complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

4

masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Lee's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v.

Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A plaintiff must allege "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

As to the objective inquiry, when an inmate's claim is based on the conditions of his confinement, he must allege those conditions were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). Conditions of confinement are sufficiently serious only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Routine discomforts or conditions that can

6

be described as "harsh" do not violate the Eighth Amendment. Id.; see also

Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("To the extent that [prison]

conditions are restrictive and even harsh, they are part of the penalty that

criminal offenders pay for their offenses against society."). As such, "extreme

deprivations are required to make out a conditions-of-confinement claim."

Hudson, 503 U.S. at 9. The types of conditions that are deemed "extreme" are

those that offend "evolving standards of decency," or those that deny "the

minimal civilized measure of life's necessities." Id.

As to the subjective inquiry, an inmate must allege the defendant was

deliberately indifferent to sufficiently serious prison conditions. "[T]he

deliberate-indifference standard sets an appropriately high bar." Swain, 961

F.3d at 1285. For decades, the Eleventh Circuit described that "high bar"

inconsistently as a "more than mere negligence" or "more than gross negligence

standard." See Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th

Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate

that the prison officials (1) had subjective knowledge of a risk of serious harm;

(2) disregarded that risk; and (3) acted with more than gross negligence."

(internal quotations omitted)); see also Wade v. McDade, 106 F.4th 1251, 1255

(11th Cir. 2024). However, in 2024, the Eleventh Circuit determined that those

standards conflicted with the Supreme Court's decision in Farmer and clarified

7

that courts in this circuit should apply the "subjective recklessness" standard as used in the criminal law. See Wade, 106 F.4th at 1253, 1262.[4]

The Eleventh Circuit recently emphasized that the subjective recklessness standard requires a plaintiff to show a prison official had "more than a generalized or abstract knowledge" of a risk. See McClinton v. Warden, Baldwin State Prison, 172 F.4th 1276, 1283 (11th Cir. 2026). "Put simply, a constitutional violation occurs only when prison officials act 'consciously' such that their acts or omissions knowingly have the effect of inflicting a punishment." Id. Because the deliberate indifference standard demands that an officer act knowingly, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). Rather, "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." Id.

Lee's Complaint is subject to dismissal pursuant to this Court's screening obligation because he fails to state a plausible claim under § 1983. First, Lee does not identify by name any prison official who denied him showers, and the Eleventh Circuit has consistently held that "fictitious-party

---

[4] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

pleading is not permitted in federal court." See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); see also Williams v. DeKalb Cnty. Jail, 638 F. App'x 976, 976–77 (11th Cir. 2016)[5] ("A fictitious name . . . is insufficient to sustain a cause of action.").

Even if the intended Defendants could be identified solely by Lee's description of them as officers who worked the 4-12 p.m. shift on Delta Dorm, Lee does not allege the officers denied him "the minimal civilized measure of life's necessities" by refusing him a shower on some days. See Hudson, 503 U.S. at 9. Importantly, Lee does not allege officers wholly denied him an opportunity to bathe every day for three months. See Complaint at 5. Indeed, he acknowledges he received some showers over the relevant period—just not the three-a-week required by the FAC. See id. at 4–5. A temporary denial of access to regular showers does not, by itself, constitute an Eighth Amendment violation. See Fischer v. Ellegood, 238 F. App'x 428, 429, 433 (11th Cir. 2007) (holding a jail inmate who alleged he was denied access to a shower for up to

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

two weeks did not plausibly state a constitutional violation because the conditions he described were not "sufficiently serious").

Insofar as Lee alleges that certain officers did not comply with the FAC's shower provision, violations of state law or administrative procedures are not constitutional violations actionable under § 1983. See Magluta v. Samples, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("[T]he procedural requirements set out in [a state] regulation are not themselves constitutional mandates.").

Finally, accepting that Lee developed sores or rashes on his skin because he could not regularly bathe, his allegations do not permit the reasonable inference that officers had more than "a generalized or abstract knowledge" of a risk to his health or safety. See McClinton, 172 F.4th at 1283. Also, Lee does not clearly assert that the skin problems he developed were caused by a lack of hygiene. See Complaint at 5–6. And he does not allege that he had a medical pass mandating he receive three showers a week, but corrections officers ignored it. See id.

Regardless, as mentioned, Lee does not attribute any specific act or omission to a particular corrections officer but rather implies the conduct of numerous officers, in aggregate, caused him to miss an unspecified number of showers, which may have caused him to develop sores or rashes. Such allegations, which implicate only "collective knowledge," are insufficient to

10

satisfy the strict deliberate indifference standard. See Burnette, 533 F.3d at 1331. Moreover, Lee concedes that he received treatment for the skin problems he developed. See Complaint at 5–6.

In short, accepting that Lee did not receive the FAC-mandated three showers per week for a few months, he does not allege conditions that were so "extreme" as to offend "evolving standards of decency," Hudson, 503 U.S. at 9, nor does he allege any corrections officer "acted with subjective recklessness as used in the criminal law," Wade, 106 F.4th at 1253.

Therefore, it is now **ORDERED:**

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:    Antwaun V. Lee